***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Liberty Mutual is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times Plaintiff sustained a compensable injury on or about November 26, 2008, to his left leg.
4. Plaintiff's average weekly wage was $1,372.60 and his compensation rate was $730, the maximum rate for 2006.
5. On April 8, 2008, the Commission approved a Form 21 in which Plaintiff was awarded 25% PPD to the left leg, with benefits starting February 25, 2008, and continuing for fifty weeks, all of which was paid in a lump sum by Defendants.
6. On or about November 11, 2008, Dr. Roberts, Plaintiff's authorized treating physician, determined that Plaintiff's condition had worsened, issued a no-work note related to Plaintiff's left ankle injury, and recommended a referral to Dr. Hodges-Davis. On or about February 23, 2009, Dr. Hodges-Davis issued a no-work note and recommended an ankle fusion. After the hearing before the Deputy Commissioner, Defendants admitted compensability of the change of condition and the parties agreed that Dr. Hodges-Davis would be considered an authorized treating physician. Plaintiff continues to treat with Dr. Hodges-Davis and has not been released from his care.
7. On December 17, 2008, Plaintiff notified the Industrial Commission requesting review of the Form 21 due to a change of condition, and requesting additional compensation.
8. Plaintiff was separated from employment on or about October 31, 2008, and received a lump sump severance payment and payment in-lieu-of earned but unused vacation. *Page 3 
Defendants make no claim against this sum for credit against any workers' compensation benefits claimed by Plaintiff.
 *********** ISSUES
1. If Plaintiff is entitled to have temporary total benefits reinstated, are Defendants allowed to offset the first fifty weeks of that reinstated compensation as a result of the payments Defendants previously advanced under the Form 21?
2. If Defendants are not allowed to offset the first fifty weeks of reinstated temporary total benefits as described in issue (a), or if less than fifty weeks of temporary total benefits are ultimately received, are Defendants entitled to a different credit for the balance of the payments they previously advanced under the Form 21, and if so, in what form is that credit issued?
3. Is Plaintiff entitled to attorney's fees?
 ***********
Based upon the evidence of record and the foregoing stipulations, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable change of condition to his left leg on or about November 11, 2008. N.C. Gen. Stat. § 97-47.
2. Defendants are responsible for payment of all causally related medical expenses incurred or to be incurred for all treatment of Plaintiff's left leg, including all treatment related to his change of condition. N.C. Gen. Stat. §§ 97-2(19); 97-25. *Page 4 
3. Dr. Hodges-Davis is hereby designated as an authorized treating physician. N.C. Gen. Stat. § 97-25.
4. In light of the change of condition, Plaintiff's request that the Form 21 be reviewed and modified is granted. N.C. Gen. Stat. § 97-47.
5. Plaintiff was previously awarded permanent partial disability benefits pursuant to N.C. Gen. Stat. § 97-31. Those benefits were issued in lieu of all other compensation. N.C. Gen. Stat. § 97-47.
6. Plaintiff is not at maximum medical improvement but has been taken out of work. As such, he would be entitled to resumption of temporary total benefits but for the exclusivity provision of N.C. Gen. Stat. § 97-31. N.C. Gen. Stat. §§ 97-47; 97-2;97-30; 97-31.
7. In order to allow Plaintiff the best remedy available to him, the Full Commission concludes that the benefits previously awarded under the Form 21 are no longer appropriate. Therefore, the Full Commission hereby modifies the Form 21 by setting aside the award of 50 weeks of benefits under N.C. Gen. Stat. § 97-31 and reinstating temporary total benefits effective November 11, 2008. N.C. Gen. Stat. § 97-47.
8. Defendants have already paid Plaintiff fifty weeks of benefits pursuant to the now set-aside Form 21. In order to avoid a double recovery, the Full Commission concludes that Defendants need not make any additional payment of benefits until fifty weeks of benefits have accrued pursuant to this award. N.C. Gen. Stat. §§ 97-47; 97-34.
9. After a reasonable time to investigate, including receipt and review of Dr. Hodges-Davis' records, Defendants timely admitted the change of condition. Defendants have also raised legitimate issues as to payment of benefits. Therefore, they have defended this matter *Page 5 
on reasonable grounds, and an award of attorney's fees for Plaintiff is not proper. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the terms of paragraph 3 of this Award, Defendants shall reinstate temporary total compensation effective November 11, 2008, and shall continue payment of benefits until further order of the Commission or agreement of the parties.
2. Defendants shall provide all causally related medical treatment for Plaintiff's left leg.
3. Defendants have already advanced the first 50 weeks of benefits to Plaintiff. Therefore, Defendants shall not begin actual resumption of payments until Plaintiff reaches entitlement to more than 50 weeks of benefits. During those first 50 weeks, Defendants shall be considered in full compliance with the obligations outlined in paragraph 1 of this Award. Defendants shall immediately resume actual payment of benefits as soon as the 50 week period ends (if Plaintiff is entitled to additional benefits at that time).
4. After the Defendants receive their credit for 50 weeks, upon resumption of TTD payments the Defendants shall send every fourth compensation check to Plaintiff's attorney as an approved attorney fee.
5. The Defendants shall pay the costs.
 S/________________ *Page 6 
CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/________________ DIANNE C. SELLERS COMMISSIONER
 S/______________ PAMELA T. YOUNG CHAIR